United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALMA BURRELL, VICKYE HAYTER, MARGARET HEADD, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SANTA CLARA, DAN PEDDYCORD, RAE WEDEL, MARTY FENSTERSHEIB AND DOES 1 THROUGH 50, INCLUSIVE, <br><br> Defendants. | Case No.: 11-CV-04569-LHK <br><br> RULING ON OBJECTIONS TO OPENING STATEMENTS AND EXHIBITS FOR TRIAL—DAY 1 |

A pretrial conference was held on May 2, 2013. Trial is set to begin on Monday, May 6, 2013, at 9:00 a.m., and is scheduled to last five days. In order to limit the issues that need to be addressed prior to the beginning of trial, the Court issues the following rulings:

OBJECTIONS TO DEMONSTRATIVES TO BE USED IN PLAINTIFF'S OPENING STATEMENT AND EXHIBITS FOR TRIAL—DAY 1:

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

**A. Defendants' Objections to Burrell's May 6, 2013 Opening Statement Demonstratives**

| Demonstrative | Court's Ruling on Objections |
|---|---|
| Principles of Equal Employment Opportunity | Sustained. The principles set forth in this demonstrative, which derive from statutes and case law, constitute legal argument, which is improper for opening statement. |

1

Case No.: 11-CV-04569-LHK
RULING ON OBJECTIONS TO OPENING STATEMENTS AND EXHIBITS FOR TRIAL—DAY 1

| | |
|---|---|
| Plaintiff's Proposed Jury Instructions Nos. 26, 28, and 37 | Sustained. The parties stipulated to preliminary jury instructions, which did not include any substantive jury instructions, and thus did not include Plaintiff's Proposed Jury Instructions Nos. 26, 28, and 37. Defendants have filed detailed objections to Plaintiff's Proposed Jury Instructions Nos. 26, 28, and 37. The Court will rule on these objections during the jury instruction conference at the close of evidence. Thus, Plaintiffs cannot present their disputed jury instructions to the jury. Moreover, presentation of these disputed substantive jury instructions during opening statement is improper legal argument. |
| Report prepared by Margo Rich Ogus, PhD | Sustained. Defendant has withdrawn this expert and does not intend to call this witness at trial. Plaintiff did not respond to Defendant's objection to Plaintiff's Exhibit 338, which is the expert report of this witness. ECF No. 126 and 127. The Court will not allow as demonstratives during opening statement any exhibits for which admissibility is disputed. |
| Deposition Excerpts of Dan Peddycord and Rae Wedel | Sustained. Both parties have indicated that Dan Peddycord and Rae Wedel will testify live during the trial. Neither party designated the deposition transcripts of Dan Peddycord or Rae Wedel. Consequently, these transcript excerpts will not be admitted into evidence. If Dan Peddycord and Rae Wedel testify during trial contrary to these excerpts, Plaintiff may use these excerpts to impeach the witnesses. However, even if used for impeachment, these excerpts would not be admitted into evidence. |

**B. Defendants' Objections to Exhibits and Testimony of Plaintiff Alma Burrell**

| **Exhibit Number** | **Court's Ruling on Objections** |
|---|---|
| Exhibit 106 | Overruled. Ms. Burrell received this document from her office manager. Ms. Burrell then maintained this document in her records after receiving it. The Court finds this foundation to be acceptable for introducing it into evidence as a record made and kept in the course of a regularly conducted business activity, pursuant to FRE 803(6). |
| Exhibit 166 | Sustained. Ms. Burrell cannot lay a proper foundation for this document. |
| Exhibit 167 | Sustained. Ms. Burrell cannot lay a proper foundation for this document. |
| Exhibit 260 | Overruled. The Court denied Defendants' Motion in Limine No. 24 to Exclude Evidence of Plaintiff Vickye Hayter's 2007 Application for Reclassification and the Denial of Same, ECF No. 76, as to Vickye Hayter's December 2007 application for reclassification and the denial thereof. ECF No. 111. This document relates to the denial of the December 2007 application. |
| Exhibit 254 | Sustained. Ms. Burrell cannot lay a proper foundation for this document. |
| Exhibit 262 | Overruled. The Court denied Defendants' Motion in Limine No. 24 to Exclude Evidence of Plaintiff Vickye Hayter's 2007 Application for Reclassification and the Denial of Same, ECF No. 76, as to Vickye Hayter's December 2007 application for reclassification and the denial thereof. ECF No. 111. This document relates to the denial of the December 2007 application. |
| Exhibit 275 | Overruled. The Court denied Defendants' Motion in Limine No. 24 to Exclude Evidence of Plaintiff Vickye Hayter's 2007 Application for Reclassification and the Denial of Same, ECF No. 76, as to Vickye Hayter's December 2007 application for reclassification and the denial |

2
Case No.: 11-CV-04569-LHK
RULING ON OBJECTIONS TO OPENING STATEMENTS AND EXHIBITS FOR TRIAL—DAY 1

| | |
|---|---|
| | thereof. ECF No. 111. This document relates to the denial of the December 2007 application. |
| Exhibit 335 | Overruled. Defendants argue that Ms. Burrell cannot lay a proper foundation for Plaintiff's Exhibit 335, a summary classification report prepared by Christine Goodson. Plaintiff argues that Ms. Burrell received the document in the regular course of business. The Court finds this foundation to be acceptable for introducing this document as record made and kept in the course of a regularly conducted business activity, pursuant to FRE 803(6). |
| Exhibit 337 | Overruled. The Court denied Defendants' Motion in Limine No. 24 to Exclude Evidence of Plaintiff Vickye Hayter's 2007 Application for Reclassification and the Denial of Same, ECF No. 76, as to Vickye Hayter's December 2007 application for reclassification and the denial thereof. ECF No. 111. This document relates to the denial of the December 2007 application. |
| Exhibit 338 | Sustained. Plaintiff did not respond to Defendant's objection. ECF No. 127. Moreover, Defendant has withdrawn Dr. Ogus as an expert and does not intend to call Dr. Ogus at trial. Ms. Burrell cannot lay a foundation for Dr. Ogus' expert report. |

**C. Plaintiff's Proposed Exhibits for Day 1 Trial Testimony Supplemental, ECF No. 125**

Plaintiff appears to have untimely disclosed a demonstrative exhibit for tomorrow in ECF No. 125. Defendant shall file any objection to this exhibit by 7 p.m. May 5, 2013.

**IT IS SO ORDERED.**

Dated: May 5, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-04569-LHK
RULING ON OBJECTIONS TO OPENING STATEMENTS AND EXHIBITS FOR TRIAL—DAY 1