UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALMA BURRELL, | No.    CV11-04569 LHK |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| COUNTY OF SANTA CLARA, | |
| Defendant. | |

**IT IS SO ORDERED.**

Dated: May 13, 2013

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 1**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

2

### JURY INSTRUCTION NO. 2
### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

3

**JURY INSTRUCTION NO. 3**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 4**
**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

5

**JURY INSTRUCTION NO. 5**
**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by the County.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

6

### JURY INSTRUCTION NO. 6
### MEASURE OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

The reasonable value of wages lost to the present time;

The reasonable value of wages which with reasonable probability will be lost in the future.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 7**
**DAMAGES—MITIGATION**

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The County has the burden of proving by a preponderance of the evidence:

1.    That Plaintiff failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.

8

**JURY INSTRUCTION NO. 8**
**NOMINAL DAMAGES**

      The law which applies to this case authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 9**
**"ADVERSE EMPLOYMENT ACTION" EXPLAINED**

Plaintiff must prove that she was subjected to an adverse employment action.  Adverse employment actions are not limited to ultimate actions such as termination or demotion.

There is an adverse employment action if the County of Santa Clara has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 10**
**DISPARATE TREATMENT—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that the County of Santa Clara wrongfully discriminated against her.  To establish this claim, Plaintiff must prove all of the following:

1.    That the County was an employer;

2.    That Plaintiff was an employee of the County;

3.    That the County refused to promote Plaintiff in 2010;

4.    That Plaintiff's race was a motivating reason for the County's decision not to promote Plaintiff in 2010;

5.    That Plaintiff was harmed; and

6.    That the County's conduct was a substantial factor in causing Plaintiff's harm.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

1

2

**JURY INSTRUCTION NO. 11**
**"MOTIVATING REASON" EXPLAINED**

A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 12**
**FAILURE TO PREVENT DISCRIMINATION—ESSENTIAL FACTUAL ELEMENTS—**
**EMPLOYER DEFENDANT (GOV. CODE, §12940(K))**

Plaintiff claims that the County of Santa Clara failed to prevent discrimination based on race. To establish this claim, Plaintiff must prove all of the following:

1.    That Plaintiff was an employee of the County of Santa Clara;

2.    That Plaintiff was subjected to discrimination in 2010 because she is African-American;

3.    That the County of Santa Clara failed to take reasonable steps to prevent the discrimination;

4.    That Plaintiff was harmed; and

5.    That the County's failure to take reasonable steps to prevent discrimination was a substantial factor in causing Plaintiff's harm.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 13**
**CAUSATION - SUBSTANTIAL**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial motivating factor in causing harm if the same harm would have occurred without that conduct.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 14**
**INTRODUCTION TO DAMAGES**

If you decide that Plaintiff has proved her claims against the County of Santa Clara, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by the County's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

1

**JURY INSTRUCTION NO. 15**
**ECONOMIC AND NONECONOMIC DAMAGES**

2

3

The damages claimed by Plaintiff for the harm caused by the County of Santa Clara fall into

two categories called economic damages and noneconomic damages.  You will be asked on the

4

verdict form to state the two categories of damages separately.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**JURY INSTRUCTION NO. 16**
**ECONOMIC DAMAGES**

The following are the specific items of economic damages claimed by Plaintiff:

1.    Past and future medical expenses.

To recover damages for past medical expenses, Plaintiff must prove the reasonable cost of reasonably necessary medical care that she has received.

To recover damages for future medical expenses, Plaintiff must prove the reasonable cost of reasonably necessary medical care that she is reasonably certain to need in the future.

2.    Past and future lost earnings.

To recover damages for past lost earnings, Plaintiff must prove the amount of income, salary and/or wages that she has lost to date.

To recover damages for future lost earnings, Plaintiff must prove the amount of income, salary and/or wages that she will be reasonably certain to lose in the future as a result of the injury.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 17**
**PRESENT CASH VALUE**

If you decide that Plaintiff's harm includes future economic damages for loss of earnings and/or future medical expenses, then the amount of those future damages must be reduced to their present cash value.  This is necessary because money received now will, through investment, grow to a larger amount in the future.  The County must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiff with the amount of her future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 18**
**NONECONOMIC DAMAGES**

The following are the specific items of noneconomic damages claimed by Plaintiff: past and future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, and/or emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, and/or emotional distress, Plaintiff must prove that she is reasonably certain to suffer that harm.

For future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, and/or emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiff for future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, and/or emotional distress.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 19**
**NO DAMAGES FOR EMOTIONAL DISTRESS PLAINTIFF SUSTAINED AS A RESULT OF PURSUING THIS LITIGATION**

In considering noneconomic damages, you must not award damages for emotional distress that Plaintiff sustained as a result of pursuing this litigation.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

1

2

**JURY INSTRUCTION NO. 20**
**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the

parties incurred in bringing or defending this lawsuit.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 21
### PLAINTIFF CANNOT RECOVER DAMAGES ARISING OUT OF ALLEGED CONDUCT OCCURRING BEFORE 2010

Plaintiff cannot recover damages, if any, arising out of alleged conduct occurring before 2010.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 22**
**LIFE EXPECTANCY**

If you decide Plaintiff has suffered damages that will continue for the rest of her life, you must determine how long she will probably live. According to National Vital Statistics Reports, Vol. 61, No. 3, September 24, 2012, a 55-year-old female is expected to live another 28.4 years. This is the average life expectancy. Some people live longer and others die sooner.

This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

Case No.: 5:11-CV-4569-LHK
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 23**
**INDEPENDENT EVIDENCE**


The Plaintiff is entitled to damages for each cause of action, if the damages are supported by distinct and independent evidence for each cause of action.

24